## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| 168TH & DODGE, LP, a Nebraska Limited Partnership f/k/a BROWN INVESTMENT PARTNERSHIP, LTD., and RED DEVELOPMENT OF WEST DODGE, LLC, a Missouri Limited Liability Company, <br><br>      Plaintiffs,<br><br>  vs.<br><br>RAVE REVIEWS CINEMAS, LLC, a Texas Limited Liability Corporation,<br><br>      Defendant. | 8:03CV171<br><br>ORDER |

This matter is before the court pursuant to 28 U.S.C. § 636 and the general order of referral on defendant's MOTION TO COMPEL DISCOVERY (Filing 59). The movant has complied with NECivR 7.1(i). Having considered all parties' written submissions (Filings 59, 60, 61, 62, and 69), I find that the motion should be granted in part.

### BACKGROUND

Plaintiffs, 168th and Dodge, LP, and RED Development, are the developers of the Village Pointe Shopping Center in Omaha, Nebraska. In April 2002, Rave contacted RED regarding a proposal to build, open and operate a movie theater complex at Village Pointe. As discussed in the Memorandum and Order filed by Judge Shanahan on February 2, 2004 (Filing 26), plaintiffs' claims for breach of implied contract and promissory estoppel remain pending for trial. These claims are based on allegations that, in reliance on the parties' agreements, plaintiffs purchased over 14 acres of land to accommodate Rave's proposed theater complex; hired engineers and consultants; obtained permits and local government approval; prepared a construction schedule for the site; executed

written contacts and incurred almost $600,000 in costs to move a natural gas pipeline to accommodate Rave's theater; and obtained financing for the development. *See* Amended Complaint (Filing No. 15). Rave subsequently informed plaintiffs that it was no longer willing to build and lease a theater on the site.

In its Answer (Filing 27), Rave denied liability on plaintiffs' claims and raised affirmative defenses based on the statute of frauds; the doctrines of estoppel, waiver and laches; failure to mitigate damages; unclean hands; and failure of consideration.

## LEGAL ANALYSIS

The pending Motion to Compel Discovery involves defendant's requests for information regarding former, current and prospective tenants of Village Pointe. Plaintiff has objected to the requests on grounds of overbreadth, relevance and undue burden.

The scope of discovery in federal civil actions is set out in Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides:

> **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).[1]

---

[1] Rule 26(b) (2) provides:

**(2) Limitations.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into

Discovery rules are to be "broadly and liberally construed" in order to serve the purpose of discovery, which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992).

    **1.**    *Interrogatory No. 16.*  The interrogatory and plaintiffs' response are as follows:

    Interrogatory No. 16: Identify the principal person for each and every former, current, and prospective tenant with whom Plaintiffs have negotiated, to any degree, about leasing space at the Village Pointe Shopping Center Project.

---

account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Rule 26(c), in turn, provides:
**(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition, after being sealed, be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

<blockquote>
Plaintiffs' Response: [Plaintiffs] object to this request for the reason that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.
</blockquote>

Defendant explains that this information was requested because "[t]he representations, statements and communications by Plaintiffs to current, former, and prospective tenants will shed light on the reasonableness (or existence) of Plaintiffs' alleged reliance on Rave's purported "promises" and "representations." Filing 60 (Rave's Brief) at p. 2. Specifically, Rave surmises that former and prospective tenants were informed by plaintiffs about the status of the space Rave might lease at Village Pointe. Thus, Rave wishes to inquire of former, current, and prospective tenants how plaintiffs described the status of the unit and/or Rave's interest in leasing the space. *Id.* at p. 3.

"Broadly and liberally" construing the federal discovery rules, I conclude that this interrogatory is permissible and hereby grant the motion to compel as to Interrogatory No. 16. In their responsive brief (Filing 61), plaintiffs advise that they produced responsive documents on March 4, 2005, after the Motion to Compel was filed.

**2.   *Requests for Production.***

The disputed requests for production ask plaintiffs to produce:

<blockquote>
Request No. 1: Any and all lease agreements, in draft or final form, whether executed or unexecuted, for any real estate development or project involving Plaintiffs from 1999 to the present, including but not limited to the Project.

Request No. 2: Any and all letters of intent to which Plaintiffs, individually or collectively, and including any of Plaintiffs' organizers, managers, members, or officers, are or were anticipated to be a party, signed or unsigned, in draft or final form, concerning any lease or contemplated lease involving Plaintiffs from 1999 to the present, including but not limited to the Project.

Request No. 3: Any and all letters of intent, regardless of subject matter, signed or negotiated (to any degree) by Plaintiffs, individually or collectively, and including
</blockquote>

>any of Plaintiffs' organizers, managers, members, or officers, that have been the subject of a claim, demand, or litigation from 1999 to the present.

Plaintiffs objected to Requests Nos. 1, 2 and 3 as being overbroad in time frame and scope, and because they request confidential and proprietary information. Plaintiffs did agree to provide copies of the lease agreements, letters of intent, and drafts thereof "for all proposed and actual *theater* projects" (emphasis added) at Village Pointe upon the entry of an appropriate protective order. Defendant, however, refused to agree with the terms of plaintiffs' proposed protective order.

I find that these requests are overbroad in that they seek information unrelated to the Village Pointe development. The court also agrees that the requested documents constitute confidential and proprietary information. The Motion to Compel will be granted in that plaintiffs will be required to produce responsive documents that relate to the entire Village Pointe development (not limited to theater projects) *subject to* defendant agreeing to a protective order in substantially the form proposed by the plaintiff.[2]  *See* Filing No. 62, Ex. A.

Finally, defendant's Request No. 14 sought "Any and all documents referring or relating to profits, losses and financial condition of the Project [Village Pointe] during fiscal years 2003 and 2004." The court agrees that this request should be limited to the business of the named plaintiffs which is limited entirely to the development and operation of the Village Pointe project, again *subject to* defendant agreeing to a protective order in the form proposed by the plaintiff.

---

[2]In reaching this conclusion, I have reviewed the parties' proposed protective orders. In its reply brief (Filing 69), Rave contends "the mechanism proposed by plaintiffs to resolve confidentiality concerns places an unfair burden on Rave" because the plaintiffs wish to avoid having the burden of proving any claims of confidentiality. I note, however, that paragraph 3 of plaintiffs' proposed order specifically provides that "the burden of establishing the confidentiality of the information or document shall be on the party who made the claim of confidentiality." Since plaintiffs would not, in fact, be relieved of the burden of establishing confidentiality, Rave will suffer no grievous injustice if it is required to file its own motion to bring any dispute over the confidentiality of information to the attention of the court.

**IT IS ORDERED** that defendant's MOTION TO COMPEL DISCOVERY (Filing 59) is granted in part, and denied in part, as follows:

1. On or before **May 12, 2005**, the parties shall file a joint motion for protective order governing the disclosure of trade secrets or confidential and proprietary information. The parties' proposed protective order shall be in substantially the form proposed by the plaintiffs.
2. The Motion to Compel is granted in its entirety as to Interrogatory No. 16.
3. The Motion to Compel is granted, in part, as to Requests for Production Nos. 1, 2, 3 and 14, as follows:
    a. As to **Requests Nos. 1, 2 and 3**, plaintiffs shall produce responsive documents that relate to the entire Village Pointe development (not limited to theater projects) *subject to* defendant agreeing to a protective order in the form proposed by the plaintiff.
    b. **Request No. 14** shall be deemed applicable to the business of the named plaintiffs which is limited entirely to the development and operation of the Village Pointe project. Plaintiffs shall produce responsive documents *subject to* defendant agreeing to a protective order in the form proposed by the plaintiff.
    c. Plaintiffs shall produce all responsive documents within ten (10) working days after the protective order is entered by the court.
    d. If defendant refuses or fails to comply with paragraph 1 of this order regarding the filing of a stipulated protective order, the discovery shall not be had.

**DATED April 28, 2005.**

>  **BY THE COURT:**
>
>  **s/ F.A. Gossett**
>  **United States Magistrate Judge**