# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| 168TH & DODGE, LP, a Nebraska Limited Partnership f/k/a BROWN INVESTMENT PARTNERSHIP, LTD., and RED DEVELOPMENT OF WEST DODGE, LLC, a Missouri Limited Liability Company, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| RAVE REVIEWS CINEMAS, LLC, a Texas Limited Liability Corporation, | ) ) ) |
| Defendant. | ) ) |

8:03CV171

ORDER

Now pending before the court is the defendant's Motion (#70) regarding the plaintiffs' objections to the issuance of certain third-party subpoenas. Oral argument was considered on May 16, 2005, and the court has considered plaintiffs' responsive brief (#85) and evidence index (#84).

## BACKGROUND

Plaintiffs have asserted claims for breach of implied contract and promissory estoppel, based on allegations that, in reliance on the parties' agreements, plaintiffs incurred numerous to accommodate a theater complex to be operated by the defendant at the Village Pointe Shopping Center in Omaha. Rave subsequently informed plaintiffs that it was no longer willing to build and lease a theater on the site. Rave denies liability on plaintiffs' claims and

has raised affirmative defenses based on the statute of frauds; the doctrines of estoppel, waiver and laches; failure to mitigate damages; unclean hands; and failure of consideration.

On or about March 8, 2005, defendant gave notice of its intention to serve third-party subpoenas on certain named Village Pointe tenants requesting the production of documents described as:

(1) Any and all lease agreements, in draft or final form, whether executed or unexecuted, to which you are or have been a party in connection with the real estate development known as the Village Pointe Shopping Center located near 168th and Dodge Street in Omaha, Nebraska.

(2) Any and all letters of intent to which you are or were anticipated to be a party, signed or unsigned, in draft or final form, concerning any lease or contemplated lease in connection with the real estate development known as the Village Pointe Shopping Center located near 168th and Dodge Street in Omaha, Nebraska.

(3) Any and all documents referring or relating to communications between you and 168th and Dodge, L.P. and Red Development of West Dodge, LLC and/or any person acting or purporting to act on their behalf, and/or any agent, any representative, officer, director, board member affiliated with them about Rave Reviews Cinemas, LLC or any entity, person, or representative affiliated with Rave Reviews Cinemas, LLC in connection with the Village Pointe Shopping Center located near 168th and Dodge Street in Omaha, Nebraska.

(4) Any and all documents referring or relating to your inter-company plans, research, and/or investigative activities about Rave Reviews Cinemas, LLC or any entity, person, or representative affiliated with Rave Reviews Cinemas, LLC in connection with the Village Pointe Shopping Center located near 168th and Dodge Street in Omaha, Nebraska.

(5) Any and all documents referring or relating to communications between you and any entity or person concerning Rave Reviews Cinemas, LLC and the Village Pointe Shopping Center located near 168th and Dodge Street in Omaha, Nebraska.

On March 14, 2004, plaintiffs gave notice of their objections to the issuance of the third-party subpoenas because (a) the subpoenas sought confidential and proprietary information, and (b) the discovery sought was not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs note that they were previously ordered to produce similar information on the condition that the defendant agree to a protective order.  (*See* #76).  Plaintiffs now argue that the Categories (1) and (2) seek are duplicative of information already produced and would "serve to impose and undue, and unnecessary expense on [plaintiffs'] tenants."  (#84-2, ¶ 7). Plaintiffs also complain that the requests are overly broad because most of the Village Pointe tenants did not even begin negotiations to lease space until after defendant "decided to renege on its promise to build and operate a theater at Village Pointe."  (*Id*., ¶ 8).  Plaintiffs advise that only eight tenants were negotiating or had executed letters of intent at the time defendant pulled out of the project.  The remaining tenants "would clearly not have documents responsive to the Defendant's request" because negotiations with them were conducted only after defendant decided not to build a theater at Village Pointe.  In summary, plaintiffs accuse the defendant of conducting "shotgun" discovery.  (*Id*. at ¶ 9).  Defendants, of course, refute these arguments.

## LEGAL ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure, governing the scope of discovery, provides:

**In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).[1]

---

[1] Rule 26(b) (2) provides:

**(2) Limitations.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Rule 26(c), in turn, provides:

**(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition, after being sealed, be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and (8) that the parties

Discovery rules are to be "broadly and liberally construed" in order to serve the purpose of discovery, which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992).

In the event the proposed subpoenas are issued and served, I note that, in general, "[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); *see also Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689 (N.D. Ill. 1983); *Minnesota Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627 (D. Minn. 1999). Plaintiffs' objections do not appear to be based on any contention that the plaintiffs themselves have a "personal right or privilege" in the information to be requested from the nonparty tenants. While the plaintiffs complain that it would be inconvenient for their tenants to comply with defendant's subpoenas, they have not shown that the recipients are unable to assert their own interests in that regard. Similarly, the recipients are not incapable of raising any issues

---

simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

regarding the disclosure of confidential and proprietary information. As to plaintiffs' argument that the information sought is cumulative, the plaintiffs, at this point, have no actual knowledge of what responsive documents–if any–are actually in the possession of the tenants.

The court does have an independent interest in limiting discovery to relevant matters. Having carefully considered the issue, I conclude that the documents described in categories (1), (2), and (3) are relevant to the claims and defenses asserted by the parties. The defendant will be allowed to serve third-party subpoenas on the Village Pointe tenants requesting production of the documents described in categories (1), (2) and (3).

Finally, if responsive documents do exist, it does appear that the documents requested in categories (1), (2) and (3) are highly likely to contain confidential and proprietary information, possibly duplicative of confidential and proprietary information already produced by the plaintiffs. Any and all documents produced by the tenants pursuant to defendant's subpoenas shall, therefore, be deemed "confidential" under the existing Protective Order (#79), with the tenants being afforded all rights and privileges that the plaintiffs are presently entitled to assert under the Protective Order. The defendants shall bear the initial responsibility of marking all responsive documents as "confidential" and shall provide the recipients of the subpoenas with a copy of the existing protective order at the time the subpoenas are served, together with a copy of this order. The tenants, of course, remain free to individually raise any objections they may have to the subpoenas. *See* Fed. R. Civ. P. 45(c).

**IT IS ORDERED** that defendant's Motion (#70) regarding the plaintiffs' objections to the issuance of certain third-party subpoenas is granted in part, and denied in part, as follows:

1. Defendant may serve subpoenas on the Village Pointe tenants requesting the production of the documents described in categories (1), (2), and (3), *supra*, subject to the conditions set out in paragraphs 2 and 3, below.

2. Any and all documents produced by the tenants pursuant to defendant's subpoenas shall be deemed "**confidential**" under the existing Protective Order (#79), with the tenants being afforded all rights and privileges that the plaintiffs are presently entitled to assert under the Protective Order. The defendants shall bear the initial responsibility of marking all responsive documents as "confidential."

3. Defendant shall provide the recipients of the subpoenas with a copy of the existing Protective Order (#79) at the time the subpoenas are served, together with a copy of this order.

4. The recipients of defendants' subpoenas may individually raise any objections they may have to the subpoenas.

**DATED May 25, 2005.**

                                           **BY THE COURT:**

                                           **s/ F.A. Gossett**
                                           **United States Magistrate Judge**