# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| 168TH & DODGE, L.P., et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>RAVE REVIEWS CINEMAS, LLC, )<br>)<br>Defendant. ) | 8:03CV171<br><br>ORDER |

Oral argument was held August 1, 2005 on defendant's consolidated motion (1) for relief from scheduling order and (2) for sanctions (#234). Briefly, the instant dispute involves the adequacy and preparation of Michael Ebert as plaintiffs' Rule 30(b)(6) designee and damages expert. During the Ebert deposition, counsel became aware that plaintiffs had not produced certain documents. Plaintiffs' attorneys represented on the record that they would produce all outstanding documents by August 9, 2005. Defense counsel agreed to file the Ebert deposition as soon as it is transcribed.

Having considered the parties' arguments, I find that defendant should be given an extension of time to designate experts. The request for sanctions will be held in abeyance until the Ebert deposition is transcribed and plaintiffs' response to that part of the motion is filed.

**IT IS ORDERED:**

1. Plaintiffs shall produce all responsive documents that have not yet been produced by them on or before the close of business on **August 9, 2005**.

2. Defendant's request for relief from the scheduling order is granted.

   a. Defendant shall identify its expert witnesses on or before the close of business on **August 9, 2005**. Defendant is given until **August 22, 2005** to serve the expert witness reports required by Fed. R. Civ. P. 26(a)(2)(B).

   b. The parties are given until **September 13, 2005** to file motions for summary judgment.

3. The portion of the motion requesting sanctions is held in abeyance until **August 12, 2005**, pending plaintiffs' response and the filing of the Ebert deposition.

**DATED August 1, 2005.**

             **BY THE COURT:**

             **s/ F.A. Gossett**
             **United States Magistrate Judge**