# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **168TH & DODGE, L.P., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **8:03CV171** |
| **vs.** | ) | |
| | ) | **ORDER** |
| **RAVE REVIEWS CINEMAS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Oral argument was held August 1, 2005 on defendant's consolidated motion (1) for relief from scheduling order and (2) for sanctions (#234). The first part of the motion was granted. The portion of the motion requesting sanctions was held in abeyance pending plaintiffs' response and the filing of the deposition of Mike Ebert. The court has considered the following documents in conjunction with this motion:

| | |
|---|---|
| 234 | Defendant's Motion for Sanctions |
| 235 | Defendant's Evidence Index in support of #234 |
| 244 | Plaintiffs' Partial Index of Evidence in opposition to #234 |
| 252 | Deposition of Mike Ebert |
| 258 | Plaintiffs' Brief in Opposition to Defendant's Motion for Sanctions |
| 260 | Plaintiffs' Supplemental Index of Evidence |
| 296 | Defendant's reply brief |
| 297 | Defendant's Evidence Index regarding #296 |
| 300 | Plaintiffs' Sur-Reply Brief |
| 301 | Plaintiffs' Evidence Index regarding #300 |

Defendant's motion for leave to respond to plaintiff's surreply was denied, at which time the filing of briefs and evidence ceased – as to this issue.

In summary, the defendant seeks an award of sanctions because plaintiffs' Rule 30(b)(6) representative, Mike Ebert, was not prepared for his deposition taken July 20, 2005 in Phoenix, Arizona, and because the plaintiffs had not previously produced certain documents referenced by Mr. Ebert during the deposition.

It was in fact necessary to reconvene the Ebert deposition, and, by order entered September 12, 2005, the defendants were allowed to do so. Apparently, the Ebert deposition was completed without incident on or about September 27, 2005 at defense counsel's Kansas

City office. *See* #318. The court finds that plaintiffs should be required to reimburse defendant for all attorney's fees and costs reasonably incurred in reconvening the Ebert deposition, excluding any fees and costs incurred in conjunction with the pending motion for sanctions (#234).

On the issue of document production, the court agrees that the parties to a lawsuit have independent discovery obligations and cannot rely upon third-party disclosures to fulfill those obligations. That said, the court is not convinced that the plaintiffs intentionally withheld documents in this instance and does not believe it would be equitable or appropriate to assess sanctions based on the plaintiffs' failure to timely produce documents.

**IT IS ORDERED:**

1. Defendant's motion for sanctions (#234) is granted to the extent that plaintiffs required to reimburse defendant for all attorney's fees and costs reasonably incurred in reconvening the Ebert deposition, excluding any fees and costs incurred in preparing or arguing the pending motion for sanctions (#234).

2. Defendant may file a motion entitled "MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 12/30/2005 ORDER" on or before January 15, 2006. Plaintiffs shall serve and file a response, if any, to defendant's motion on or before January 31, 2006, at which time the issue of fees and costs will be deemed submitted and a written order entered.

**DATED December 29, 2005.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**