IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| 168TH & DODGE, L.P., et al., )<br>)<br>     **Plaintiffs,** )<br>)<br>vs. )<br>)<br>RAVE REVIEWS CINEMAS, LLC, )<br>)<br>     **Defendant.** ) | 8:03CV171<br><br>ORDER |

Oral argument was held September 27, 2005 on defendant's MOTION FOR SANCTIONS (#302) and plaintiffs' MOTION TO COMPEL (#321). The court has considered the following documents in conjunction with these motions:

    302    Defendant's Motion for Sanctions
    303    Defendant's Evidence Index in support of #302
    319    Plaintiff's Brief in opposition to #302
    320    Plaintiff's Evidence Index in opposition to #302
    334    Defendant's reply brief regarding #302
    335    Defendant's Evidence Index regarding #334

    321    Plaintiffs' Motion to Compel
    322    Plaintiff's Brief in support of #321
    323    Plaintiff's Evidence Index in support of #321
    345    Defendant's Brief in opposition to #321
    346    Defendant's Evidence Index in opposition to #321
    348    Plaintiffs' Reply Brief
    349    Plaintiffs' Supplemental Evidence Index

**A. Defendant's Motion for Sanctions (#302)**

This motion is premised on the plaintiffs' failure to produce documents on or before the close of business on August 9, 2005 in accordance with Order #246.[1] Defendant complains that the plaintiffs did not timely produce

---

[1] During the August 1, 2005 hearing on the underlying discovery dispute, plaintiffs' attorneys represented on the record that they would produce all outstanding documents by August 9, 2005.

- documents referenced in the Ebert deposition;
- documents reviewed by plaintiffs' formerly-designated damages expert, Steven Fernandez; and
- documents defendant had already obtained from third parties.

Rather, on August 9, plaintiffs reportedly delivered a "hodgepodge" of 2,000 papers to defense counsel and produced approximately 18,000 non-indexed documents for review in Omaha. Plaintiffs also provided a privilege log identifying certain documents it withheld on grounds of privilege or work-product protection. Of course, there were "issues" with the privilege log. Defendant seeks an award of costs and attorney's fees in reviewing plaintiffs' dump truck discovery.

In response, plaintiffs advise that Mr. Ebert spoke in error and that the plaintiffs never possessed all the documents he referenced during his deposition, and the documents were actually kept by plaintiffs' third party vendors. The large number of documents produced matched the breadth of defendant's discovery requests, and the documents were produced as it is kept in the ordinary course of business. The 10,000 page construction file was first produced in January 2005 but the defendant did not attempt to schedule a time to review the documents until August 2005. Certain documents identified in the privilege log were utilized by plaintiffs' expert, Dennis Richardson and were provided to defense counsel during Richardson's deposition.

The plaintiffs' haphazard and belated production of documents in this case has been matched only by the defendant's unmitigated overreaction to the same. Because, ultimately, the defendant has failed to convince me that these alleged improprieties will result in any unfair prejudice at trial, I find that defendant's motion should be denied.

### B. Plaintiffs' Motion to Compel (#321)

Plaintiffs request a hearing on "unresolved objections" to subpoenas issued to Continental Properties Company, Pinecrest Capital Partners, Scott Potter, and defense counsel's law firm, Bryan Cave, LLP. Plaintiffs also complain that defendant has not responded to plaintiffs' Second Set of Requests for Production of Documents.

In response, defendant advises that it has complied with the subpoena served on Bryan Cave by producing approximately 3,000 non-privileged documents on September 23, 2005 during the deposition of Christopher Fisher. In any event, plaintiffs' proper remedy would be to file a motion to compel the Bryan Cave law firm to comply with the subpoena. Defendant advises that it also produced responsive documents without waiving objections,

but maintains that Requests Nos. 24, 26, 27, 30, 32 and 33 are overbroad and seek irrelevant information.

Having reviewed the arguments and the volumes of information presented by the parties, I find that plaintiff's motion should be denied with respect to the Bryan Cave subpoena.

Regarding the other third-party subpoenas, it does not appear that the defendant's objections are based on any clear contention that the plaintiffs themselves have a "personal right or privilege" in the information to be requested, and the third party recipients should be able to assert their own interests with respect to any subpoenas.[2]  Once again noting that this court has an independent obligation to limit discovery to non-privileged matters that are actually relevant to the claims and defenses asserted by the parties, I find that plaintiffs' motion should be denied with respect to issuing third-party subpoenas on Pinecrest Capital Partners and Scott Potter.

I am, however, persuaded that the proposed subpoena on Continental Properties Company seeks relevant information, and plaintiffs will be allowed to issue that subpoena.

Turning to the requests for production of documents, the court accepts defense counsel's professional representation that all non-privileged responsive documents have been produced as to Requests Nos. 20, 21, 22, 23, 25, 28, 29, and 31.

Defendant's objections to Requests Nos. 24, 26, 27, 32 and 33 are sustained on grounds of overbreadth.

Request No. 30 asks for "all minutes from any Board of Managers and/or Board of Director's meetings of Defendant from January 1, 2002 through December 31, 2003." Defendant's objections to this request are overruled.  The parties are advised that the court will construe the term "minutes" to mean any document constituting a record of the proceedings of a meeting of defendant's Board of Managers and/or Board of Directors.

### ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Sanctions (#302) is denied.

---

[2]Similar issues were resolved by the court when defendant attempted to serve third-party subpoenas on the tenants of the Village Pointe Shopping Center.  *See* Order #95.

  2.  Plaintiffs' Motion to Compel (#321) is granted in part, and denied in part, as follows:

   a.  Plaintiffs may serve a subpoena on Continental Properties Company. Any and all documents produced pursuant to such subpoena shall be deemed "confidential" under the existing Protective Order (#79).

   b.  The motion is granted as to Document Request No. 30.

   c.  The motion is denied in all other respects.

  3.  The circumstances of these discovery disputes would make an award of expenses unjust and the court declines to award costs or fees to either party.   See Fed. R. Civ. P. 37(a)(4)(B).

  **DATED December 29, 2005.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**