# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **168TH & DODGE, L.P., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **8:03CV171** |
| **vs.** ) | |
| ) | **ORDER** |
| **RAVE REVIEWS CINEMAS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

    This matter is before the court on defendant's Motion for Attorneys' Fees and Costs (Filing 405), plaintiff's Objection thereto (Filing 416), and defendant's motion for leave to file a reply (Filing 422).[1]

    By order entered December 30, 2005, defendant's motion for sanctions (Filing 234) was granted to the extent that plaintiffs would be required to reimburse defendant for all attorney's fees and costs reasonably incurred in reconvening the deposition of Michael Ebert, excluding any fees and costs incurred in preparing or arguing the motion for sanctions.

    Defendant's motion was filed on January 17, 2006. Noting plaintiff's objection as to timeliness, I find that the motion was timely filed, as the court inadvertently set the deadline for filing the motion on a Sunday, i.e., January 15, 2006 and Tuesday, January 17, 2006 was the next business day. *See* Fed. R. Civ. P. 6(a).

    Turning to the merits of defendant's $10,864.80 fee request, I agree with the plaintiffs that the request is not sufficiently documented. Although the "guidelines" set out in NECivR 54.4 are not mandatory, they do reflect a common-sense approach to preparing a credible fee

---

[1] NECivR 7.1(c) provides:
    Replying to Opposing Briefs and Evidence. The moving party may file a reply brief and index of evidence no later than five (5) days after the nonmoving party files and serves the opposing brief. The reply brief may not merely repeat the moving party's initial arguments, but must address factual or legal issues raised in the opposing brief. No further briefs or evidence may be filed without the court's leave.

In this instance, the defendant had five business days (*see* Fed. R. Civ. P. 6(a)) within which to file a reply after plaintiffs filed their objection on January 31, 2006. Had defendant simply filed a reply on February 6, 2006 instead of a motion requesting permission to do so, the court would have considered the reply. The court will consider the information contained in the motion (Filing 422), but declines to allow the defendant to supplement its fee application out of time.

application. Despite the high probability that its motion for fees and costs would be contested, defendant's application is surprisingly devoid of any itemization or information tending to demonstrate that the fees and costs requested were "reasonably" incurred for the limited purpose intended.

I find that defendant's Motion (Filing 405) should be denied for lack of proper documentation that the fees and costs requested were reasonably incurred in reconvening the deposition of Michael Ebert.

**IT IS ORDERED:**

1. Defendant's Motion for Attorneys' Fees and Costs (Filing 405) is denied.

2. Plaintiff's Objection (Filing 416) is granted.

3. Defendant's motion for leave to file a reply (Filing 422) is denied.

**DATED March 9, 2006.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**